# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MALEK BOUZID ALIANE,**

        Plaintiff,                Case No. 2:17-CV-1002
                                            JUDGE MICHAEL H. WATSON
        v.                            Magistrate Judge Jolson

**CHRISTINE A. McKEE, et al.,**

        Defendants.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Malek Bouzid Aliane, a *pro se* prisoner in federal custody, filed a Motion for Leave to Proceed *in forma pauperis* on November 15, 2017. (Doc. 1). Pursuant to 28 U.S.C. § 1915(a), that Motion is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, as explained below, the Court concludes this action cannot proceed.

Because Plaintiff is a prisoner seeking redress from the government, this Court must conduct an initial screening pursuant to 28 U.S.C. § 1915A(a). The Court must dismiss the complaint if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers...."); *Thompson v. Kentucky*, No. 86-5765, 1987 WL 36634, at *1 (6th Cir. 1987) ("Although *pro se* complaints are to be construed liberally, they still must set forth a cognizable federal claim." (citation omitted)). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Applying those standards here, the Undersigned **RECOMMENDS DISMISSAL**.

I.  **BACKGROUND**

Plaintiff has been a criminal defendant in several cases in this Court and has also initiated numerous civil lawsuits here. A review of some of those cases is relevant to the background of this matter, in which he alleges his confinement in a special housing unit based on a later-expunged disciplinary conviction violated his due process rights.

**A. Plaintiff's Relevant Criminal History**

On September 16, 2011, Plaintiff was sentenced in this Court to a 30-month term of imprisonment, followed by a one-year term of supervised release, for aggravated identity theft and bank fraud, in violation of 18 U.S.C. §§ 1028A(a)(1) and 1344. *See* Case No. 2:11-cr-59. Just over three months later, on December 20, 2012, Plaintiff was sentenced again in this Court to a 48-month term of imprisonment, followed by a three-year term of supervised release, for mail fraud, and aggravated identity theft, in violation of 18 U.S.C. §§ 1341 and 2, and 1028A(a)(1). *See* Case No. 2:12-cr-145.

Plaintiff was serving time for those convictions in Alvis House, a residential re-entry center located in Columbus, Ohio, when a new criminal complaint charged him with identity theft, mail fraud, and wire fraud. *See* Case No. 2:15-cr-194. In other words, Plaintiff was charged with engaging in criminal conduct while still in custody. *See id*. Consequently, the United States Marshals Service arrested Plaintiff and took him into custody on July 21, 2015, when he was returning from his work assignment to Alvis House. *See id*. Plaintiff was then booked into the Franklin County jail. *See id*.

Plaintiff ultimately pled guilty to mail fraud and false claims against the United States and was sentenced to thirty-six months on each count, to run concurrently to one another and consecutively to his sentence on the previous convictions, to be followed by a three-year term of supervised release. *See* Case No. 2:15-cr-194 (Doc. 40).

### B. The Relevant Incident Report

Plaintiff's arrest on July 21, 2015, while serving time at Alvis House prompted its Operations Manager Christine McKee to issue an incident report nine days later on July 30, 2015. The incident report charged Plaintiff with technical "escape" in violation of Bureau of Prisons ("BOP") Code 102. It stated:

> Inmate Aliane is charged with the BOP Prohibited Act #102; Escape due to being arrested on [July 20, 2015 at 5:30 p.m.], by Marshal Stroh, on a criminal complaint of identity theft, mail fraud, and wire fraud. Inmate Aliane was apprehended in the parking lot of Alvis House for Men facility and then booked into the Franklin County Jail….

(Doc. 1-1, PAGEID #: 10). The report incorrectly stated that Plaintiff was arrested on July 20, 2015, not July 21, 2015. (*Id.*).

### C. This Lawsuit

The incident report is the foundation of this lawsuit, one of several Plaintiff filed as a result of his July 21, 2015 arrest, despite his ultimate conviction on the underlying charges. *See, e.g.*, *Aliane v. Bailey, et al.*, No. 2:17-cv-142 (claiming an "illegal search and seizure" of his car and personal property and a civil conspiracy to unlawfully retain, search, and seize his vehicle and personal property, awaiting decision on a report and recommendation of dismissal). Plaintiff alleges that, after he was served with the incident report on August 10, 2015, he requested but was improperly denied "a witness and documents in his defense." (*Id*. at ¶ 9). The following day, the Center Discipline Committee ("CDC") recommended that Plaintiff be found guilty of

escape and sanctioned. (*Id*. at ¶ 10).

Plaintiff asserts that Chris Paul, a Residential Reentry Manager for the BOP, reviewed Ms. McKee's incident report to ensure compliance with BOP Program Statement 5270.09 and due process, and then forwarded it to BOP Disciplinary Hearing Officer ("DHO") Jeff George for review. (*See id*. at ¶¶ 5–6, 11). Plaintiff alleges that Jeff George approved the CDC's recommendation and imposed a sanction of 41 good time credits removed on January 27, 2016. (*Id*. at ¶ 12). Plaintiff states that Ms. McKee served him with the report on January 29, 2016. (*Id*. at ¶ 13).

### 1. *Plaintiff's Appeal*

Plaintiff appealed the CDC's recommendation, claiming that "the incident report was delivered late, the reason for the delay is not sufficient, he did not escape, he was arrested and the code is not listed as a prohibited act in [the] policy." (*Id*. at PAGEID #: 14). Upon review, the North Central Regional Director found that the incident report did not describe the elements of the charge because "it [did] not have any time frames listed for the escape." (*Id*. at ¶ 15). The Regional Director likewise found that "no part of the incident report ha[d] the correct date of the incident" and "[t]he arrest documentation [was] not included in the packet, which is required." (*Id*.). The Regional Director determined that the CDC did not explain why the incident report was delayed, and it "should have explained more clearly" why the witness statement was denied. (*Id*.). Thus, "[t]o ensure compliance with Program Statement 5270.09 Inmate Discipline Program," the Regional Director returned the incident report to a DHO "for corrective action." (*Id*; *see also id*. at ¶¶ 14–15).

### 2. *Plaintiff's Placement in a Special Housing Unit*

Plaintiff alleges that, although the matter was remanded for corrective action on May 24,

2016, he was placed in a special housing unit upon his arrival at a federal correctional institution on June 17, 2016, because the incident report remained pending. (*Id*. at ¶¶ 15–16; *see also id*. at PAGEID #: 14). Plaintiff claims he was held in that special housing unit for 25 days until the rehearing. (*Id*. at ¶ 17). Plaintiff states that a different DHO reheard the incident report on July 13, 2016, and "expunged it due to inconsistencies with due process." (*Id*. at ¶ 18; *see id*. at PAGEID #: 15 ("In accordance with Program Statement 5270.09—Expunged incident report #2809158—Due to Inconsistencies with Due Process.")). Consequently, Plaintiff was released from the special housing unit. (*Id*. at ¶ 18).

### 3. *The Complaint*

Plaintiff names Ms. McKee, Mr. Paul, and Mr. George as Defendants in this case based on their alleged "failure to adhere to Plaintiff's due process rights in the disciplinary proceedings as guaranteed by the U.S. Constitution…." (*Id*. at ¶ 21). Plaintiff "seeks damages for the harm caused by the facts which resulted in his disciplinary conviction and sanction, as well as the twenty-five (25) days spent in the [special housing unit]." (*Id*. at ¶ 22). Plaintiff has sued Defendants in their individual capacities. (*Id*. at ¶ 7).

**D. Plaintiff's Habeas Case**

It is also worth noting that, in addition to numerous other cases filed in this Court, *see Aliane v. Dean, et al.*, No. 2:03-cv-1155 (alleging that he was placed in isolation unit on false charges of forging documents and embezzling property, dismissed on July 21, 2005), *Aliane v. United States Marshal's Service, et al.*, No 2:14-cv-602 (claiming that Defendants released his property without authorization, dismissed on December 11, 2015), Plaintiff also filed a habeas petition under 28 U.S.C. § 2241, based on his placement in the special housing unit. *See Aliane v. Warden, Franklin Cty. Corr. Ctr. I*, No. 2:16-cv-146. However, Plaintiff moved to dismiss his

petition after the incident report was expunged. (*See* Doc. 24 in *Aliane*, No. 2:16-cv-146). In so moving, his counsel acknowledged that "the BOP has agreed to rescind Petitioner's prior disciplinary sanctions and remove any and all negative information from his institutional files." (*Id*. at 3). The Court granted Plaintiff's motion and dismissed the habeas petition on September 7, 2017. (*See* Docs. 31–32 in *Aliane*, No. 2:16-cv-146) (terminating the action).

## II. DISCUSSION

In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court recognized an implied cause of action for constitutional violations by a federal official acting under color of federal law. To state a successful *Bivens* claim, the plaintiff must allege facts which demonstrate that the individual defendant acted "under color of federal authority" and was involved personally in the deprivation of constitutional rights. *See Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. June 24, 2005). In this case, because Plaintiff fails to demonstrate facts which support a deprivation of his constitutional rights, his complaint must be dismissed.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court explained that whether a prisoner had been subjected to a due process violation in the context of a prison disciplinary proceeding depends upon whether the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of his sentence." *Id*. at 484, 487. More specifically, the Supreme Court held that the prisoner's 30 days in segregated confinement did not present the type of atypical, significant deprivation that might conceivably create a liberty interest, even when his

disciplinary record was later expunged as to the more serious charges against him. *Id*. at 486; *see also Jones v. Wilson*, No. 6:09-cv-235, 2009 WL 3211512, at *2 (E.D. Ky. Oct. 1, 2009) (relying on *Sandin* to find "procedural due process was not required" for a prisoner's thirty-day stay in segregation because "there was no impact on the length of … imprisonment and no atypical hardship on the inmate in relation to the ordinary incidents of prison life"). As one Court explained, the due process clause does not "create a liberty interest to be free from administrative segregation." *McCullough v. Fed. Bureau of Prisons*, No. 1:06-cv-563, 2010 WL 5136133, at *5 (E.D. Cal. Dec. 6, 2010) (stating that "[a]dministrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration").

This case mirrors *Fiorentino v. Biersbach*, 64 F. App'x 550, 551 (7th Cir. 2003), a *Bivens* action filed by an inmate against various employees of a federal correctional institution. As in this case, the inmate alleged that his confinement in segregation violated his due process rights because it was based on a later-expunged disciplinary conviction. *Id*. Relying on *Sandin*, the district court dismissed the action on an initial screen for failure to state a claim, despite the fact that the inmate had spent approximately sixty days in segregation. *Id*. at 552. The Seventh Circuit Court of Appeals affirmed, indicating that the inmate's claim was "squarely barred by *Sandin* . . . ." *Id*. at 551.

Because Plaintiff's placement in a special housing unit for 25 days until the rehearing does not rise to the level of a constitutional violation and the expungement of the incident report does not inevitably affect the duration of his sentence, Plaintiff fails to state a claim for a deprivation of his due process rights. *See id.* at 553; *Sandin*, 515 U.S. at 484; *see also Staples v. United States*, No. 1: 16-cv-1284, 2017 WL 5640877, at *1 (W.D. La. Sept. 25, 2017)

7

(recommending denial on initial screen of *Bivens* claim based on expunged disciplinary convictions), *adopted by Staples v. United States*, No. 1:16-cv-1284, 2017 WL 5640763, at *1 (W.D. La. Nov. 21, 2017); *Muhammad v. United States*, No. 07-68-GFVT, 2009 WL 3161475, at *6 (E.D. Ky. Sept. 25, 2009) (finding *Sandin* prohibited claim after report was expunged because inmate sustained "no actual or compensable injury"); *Freeman v. Berge*, No. 04-C-302-C, 2004 WL 1196815, at *5 (W.D. Wis. May 27, 2004) (finding Plaintiff's allegations were insufficient to implicate a protected liberty interest under *Sandin*).

Furthermore, even if Plaintiff had stated a cognizable due process claim, his claims against these particular Defendants would nonetheless fail. *See, e.g.*, *Aladimi v. Alvis House/Cope Ctr., et al.*, No. 3:10-cv-121, 2012 WL 726852, at *3–5 (S.D. Ohio Mar. 6, 2012) (noting that "even if [plaintiff, a federal prisoner], had pursued a *Bivens* claim against Alvis House and its employees, it does not appear that the claim would be viable."); *Sanders v. Burton*, No. 2:08-cv-144, 2008 WL 5102525, at *2 (W.D. Mich. Dec. 1, 2008) (noting that hearing officers are entitled to absolute judicial immunity from inmate's suits for actions taken as hearing officers). Thus, the Undersigned **RECOMMENDS DISMISSAL**.

## III. CONCLUSION

For the reasons stated, the Undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**. (Doc. 1-1).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: December 13, 2017                        /s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE