UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Malek Bouzid Aliane,

    Plaintiff,

v.

Christine A. McKee, *et al.*,

    Defendants.

Case No. 2:17-cv-1002

Judge Michael H. Watson
Magistrate Judge Jolson

## ORDER

Malek Bouzid Aliane ("Plaintiff"), a prisoner proceeding *pro se*, brings this *Bivens* action against Defendants Christine A. McKee ("McKee"), Alvis House Operations Manager; Chris Paul ("Paul"), Residential Reentry Manager for the Bureau of Prison ("BOP"); and Jeff George ("George"), BOP Disciplinary Hearing Officer (collectively, "Defendants"). Compl., ECF No. 4. Plaintiff alleges violations of his due process rights. On December 13, 2017, Magistrate Judge Jolson, after conducting an initial screening of his Complaint pursuant to 28 U.S.C. § 1915(e), issued a Report and Recommendation ("R&R") recommending dismissal of Plaintiff's action for failure to state a claim. R&R, ECF No. 5. Plaintiff objects to the R&R's findings. ECF No. 10.

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine

de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court conducted a *de novo* review of the R&R and, for the following reasons, **OVERRULES** Plaintiff's objections and **AFFIRMS** and **ADOPTS** the R&R.

This Order very briefly summarizes the relevant factual background, which is more fully elaborated in the R&R. This action arises from actions taken during Bureau of Prison ("BOP") disciplinary proceedings against Plaintiff commencing in July of 2015. While Plaintiff was serving time at Alvis House for a prior crime, he was arrested for the crime for which he is currently incarcerated. Nine days after his arrest and booking into the Franklin County jail, McKee issued an incident report charging Plaintiff with technical "escape" due to being arrested, in violation of BOP Code 102.

On August 10, 2015, Plaintiff alleges he was served with the incident report. The next day, the Center Discipline Committee ("CDC") recommended that Plaintiff be found guilty of escape and sanctioned. Plaintiff alleges that George approved that recommendation and sanctioned him with the removal of forty-one good time credits. Plaintiff appealed the CDC recommendation. Upon review, the North Central Reginal Director found several deficiencies in the incident report and, on May 24, 2016, remanded it to a Disciplinary Hearing Officer ("DHO") for corrective action. Notwithstanding the remand, the incident

report remained pending on June 17, 2016, and, therefore, Plaintiff was placed in a special housing until upon his arrival at a federal correctional institution that day. Plaintiff avers that he was housed in the special housing unit for twenty-five days, until a different DHO reheard the incident report and expunged it.

The Magistrate Judge concluded these facts, as alleged in Plaintiff's Complaint, failed to state a claim for a deprivation of Plaintiff's constitutional rights. As the Magistrate Judge explained, under *Sandin v. Conner*, 515 U.S. 472 (1995), "whether a prisoner ha[s] been subjected to a due process violation in the context of a prison disciplinary proceeding depends upon whether the restraint 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' or 'will inevitably affect the duration of his sentence.'" R&R 6, ECF No. 5 (quoting *Sandin*, 515 U.S. at 487). According to *Sandin*, "the due process clause does not 'create a liberty interest to be free from administrative segregation.'" *Id.* at 7 (quoting *McCullough v. Fed. Bureau of Prisons*, No. 1:06-cv-563, 2010 WL 5136133, at *5 (E.D. Cal. Dec. 6, 2010)). Moreover, if an inmate's disciplinary record is expunged, he has no cognizable injury that gives rise to a viable due process claim based on procedural violations leading to the expunged disciplinary infraction. *See Muhammad v. United States*, No. 07-68-GFVT, 2009 WL 3161475, at *6 (E.D. Ky. Sept. 25, 2009).

In this case, then, the Magistrate Judge found that Plaintiff's placement in the special housing unit during the pendency of disciplinary proceedings, and the expungement of his incident report, had no implication on his due process rights,

because they did not impose a significant hardship on Plaintiff that would inevitably affect the duration of his sentence. *Id.* at 6–7.

Finally, Magistrate Judge Jolson recommended dismissal of this action for the additional reason that Defendants are all immune from suit. *Id.* at 8 (citing *Aladimi v. Alvis House/Cope Ctr., et al.*, No. 3:10-cv-121, 2012 WL 726852, at **3–5 n.2 (S.D. Ohio Mar. 6, 2012) for the proposition that federal offenders serving time in a privately-operated halfway house have no implied right of action against the halfway house under *Bivens*; and citing *Sanders v. Burton*, No. 2:08-cv-144, 2008 WL 5102525 at * 2 (W.D. Mich. Dec. 1, 2008) for the proposition that hearing officers are entitled to absolute judicial immunity from suit for actions taken in their capacity as hearing officers).

In Plaintiff's objection, he does not object to particular findings made by Magistrate Judge Jolson or argue that her conclusions were based on any error of fact or law. *See* Fed. R. Civ. P. 72(b) (stating that a party must object to specific findings in the R&R's proposed recommendations). Instead, he rehashes the factual allegations asserted in his Complaint and generally argues that the circumstances of the disciplinary proceedings against him violated his due process rights. *See* Obj., ECF No. 10. Specifically, Plaintiff contends that, in the BOP's disciplinary proceedings against him, (1) he did not receive a written notice of the charges against him at least twenty-four hours prior to proceedings, (2) he was not permitted to call witnesses and present documentary evidence to

counter the charges against him, and (3) there was no credible evidence justifying the disciplinary action. *Id.* at PAGEID ## 49–50.

But Magistrate Judge Jolson considered these allegations and concluded that Plaintiff failed to state a claim, because he failed to demonstrate any deprivation of a liberty interest triggering procedural due process concerns. As Magistrate Judge Jolson explained, Plaintiff's placement in the special housing unit during disciplinary proceedings did not impose an "atypical and significant hardship" on Plaintiff—instead, it fell "within the range of confinement to be normally expected" in prison life. R&R 6–7, ECF No. 5 (citing *Fiorentino v. Biershbach*, 64 F. App'x 550, 552 (7th Cir. 2003) and other cases). Moreover, she pointed out that Plaintiff's record was ultimately expunged. The outcome of the disciplinary proceedings, then, had effect on the duration of his sentence. Accordingly, the Magistrate Judge concluded that, under *Sandin*, Plaintiff suffered no deprivation of a liberty interest that would give rise to a procedural due process claim. *Id.* at 7. Plaintiff does not object to that legal conclusion, and the Undersigned finds it was correct. To the extent Plaintiff is arguing on objection that the alleged irregularities in the disciplinary proceedings are "'an atypical and significant deprivation' in [their] own right," *Fiorentino*, 64 F. App'x at 552, that argument has no merit. Plaintiff's procedural due process claim is contingent upon alleging a deprivation of a substantive right. *Id.* Because he has not alleged a deprivation of any liberty interest, he fails to state a claim.

Given the Court's conclusion that Plaintiff fails to state a claim, it need not address Plaintiff's contention that Defendants McKee and Paul are not entitled to immunity.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, ECF No. 5, and **DISMISSES** this case. Additionally, Plaintiff's February 28, 2018, Motion for Recusal is **DENIED**. The Clerk is **DIRECTED** to **TERMINATE** this case and enter **FINAL JUDGMENT** against Plaintiff.

Finally, the Court does not anticipate any further filings in this case now that it is closed. But should Plaintiff seek to make any additional filings in this case or its related case (No. 2:17-cv-142), he is **ORDERED** to first obtain leave of Court. The Clerk is therefore **DIRECTED** not to docket any further filing by Plaintiff in either of these cases absent authorization from the Undersigned.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**